RECEIVED
IN LAKE CHARLES, LA.
JUL -6 2012
TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 10-CR-00242-01 |
| VS. | : | JUDGE MINALDI |
| THOMAS R. SEGUNDO-ESPINOZA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence [doc. 40] filed *pro se* by Thomas R. Segundo-Espinoza ("the defendant") on April 2, 2012 pursuant to 28 U.S.C. § 2255. The defendant's motion is opposed by the United States of America ("the government"). For the reasons set forth herein, said motion is hereby **DENIED**.

### *Background*

The defendant, Thomas R. Segundo-Espinoza, is a citizen of Mexico. He has had multiple encounters with Immigration Authorities in the nine years preceding this litigation. Doc. 40, att. 1, p. 2-4. Despite a May 12, 2003 deportation order issued by a United States Immigration Court and a physical deportation pursuant to that order, it is established that the defendant thereafter unlawfully re-entered the United States and was convicted of robbery on April 12, 2004. Upon said conviction, he was sentenced to three years imprisonment in the Texas Department of Corrections. The defendant was deported a second time on October 2, 2008, but yet again gained unlawful entry into the United States after crossing the border near Pharr, Texas. On June 30, 2010 he was apprehended by a United States Border Patrol Agent at a Greyhound Bus station in Lake Charles, Louisiana. At the time of his arrest, the defendant had

been in the United States for over a year. Since his initial deportation, the defendant has not received the requisite consent necessary to apply for lawful readmission into the United States. Doc. 26, att. 1, p. 1-2.

On August 10, 2010 the defendant was charged with unlawful reentry of a deported alien, a violation of 8 U.S.C. § 1326. Following his indictment, he entered into a plea agreement with the government and pled guilty to the charges against him. On March 22, 2011, based on his criminal history and pursuant to the sentencing guidelines and the factors set forth in 18 U.S.C. § 3553, this court sentenced the defendant to six years (72 months) imprisonment followed by a three year term of supervised release which carried an additional condition mandating his deportation subsequent to incarceration. Following the defendant's timely appeal, the United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence on November 9, 2011. The motion presently before the court was filed on April 2, 2012. Doc. 43, att. 1, p. 1-2.

The defendant contends that this court misapplied the sentencing guidelines first by increasing his offense level by sixteen in accordance with U.S.S.G. § 2L.2(b)(1)(A)(ii), and second by using that heightened offense level in rendering a sentence via its application of 18 U.S.C.§ 3553. In addition he raises a claim of ineffective counsel arguing that the attorney appointed to represent him failed to challenge the increased offense level

### *Law and Analysis*

Under 28 U.S.C. § 2255, a motion to vacate, set aside, or correct sentence may be granted only if a "sentencing court...concludes that it was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *U. S. v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 2240 (1979) (citing 28

U.S.C. § 2255); *see also United States v. Placente*, 81 F.3d 555 (5th Cir. 1996); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. denied*, 504 U.S. 962; *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). "The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice." *See Addonizio*, 442 U.S. at 184 and n. 11. The defendant in this case alleges that he "was incorrectly sentenced [for convictions under] 8 U.S.C. §§ 1326(a) and (b)(2)...instead of under § 1326(b)(1)" and that this court, as a result of said convictions, misapplied the provisions of U.S.S.G. § 2L.2(b)(1)(A)(ii). The defendant further argues that the alleged misapplication resulted in an excessive sentence and that the case should therefore be remanded for resentencing. Doc. 40, att. 1, p. 6.

The defendant's contention is meritless given the valid grounds upon which a motion under 28 U.S.C. § 2255 may be made. Issues concerning the application of the Sentencing Guidelines are not cognizable in a motion under 28 U.S.C. § 2255. *United States v. Segler* 37 F.3d 1131, 1134.

This court set the defendant's term of imprisonment at 72 months (6 years) in accordance with 8 U.S.C. § 1326 (b)(2) which carries a maximum prison term of twenty years. The maximum sentence a court may impose for a violation under 8 U.S.C. § 1326 (b)(1), the provision which the defendant contends should have applied to his case, is ten years imprisonment. 8 U.S.C. 1326 (b)(1). Thus, even if the defendant's claim were valid, his six year sentence is not "in excess of the maximum authorized by law" and therefore cannot be subject to remand based on a motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255; *Addonizio*, 442 U.S. 178; *Placente*, 81 F.3d 555.

Moreover, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction and sentence noting that "[t]he district court's lengthy explanation for its sentence indicates that the court considered the applicable 18 U.S.C. § 3553(a) factors…and cited factors in support of its sentence, including Segundo's criminal history and numerous prior removals… [thus the] district court's upward variance to 72 months was [not]…unreasonable." Doc. 39, p. 3-4. The court failed to find "any plain procedural error" by this court in its conviction and sentencing of the defendant. *Id.* at 3.

Citing *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 158 (2010), the higher court also stated that "[b]ecause Segundo does not challenge the extent of the district court's variance from the Guidelines, he has abandoned that issue." *Id.* at 5. It is well established that a claim not "pressed" on appeal is deemed to have been waived and thus may not be raised again once final judgment has been rendered. *See United States v. Skilling*, 554 F.3d 529, 568 n. 63 (5th Cir. 2009) (citing *United States v. Lindell*, 881 F.2d 1313, 1325 (5th Cir. 1989)); *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983); *McIntosh v. Partridge*, 540 F.3d 315, 325 n. 12 (5th Cir. 2008). As the government in this case aptly points out, "[a] collateral challenge may not do service for an appeal." Doc. 43, att. 1, p. 3 (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). The defendant's claim as to improper sentence in the present case is thus not subject to the collateral attack he now seeks to employ and therefore should be dismissed.

The defendant also raises a claim of ineffective counsel which, unlike his initial claim, is constitutional in nature. Because the Sixth Amendment of the Constitution guarantees to all persons the fundamental right to counsel, the U.S. Supreme Court has spoken with much vigor on the subject. *See Gideon v. Wainwright*, 372 U.S. 335, 343-45 (1963). Citing *Powell v.*

*Alabama*, 287 U.S. 45 (1932), the Court acknowledged that "Even [the intelligent and educated layman] lacks both the skill and knowledge [to] adequately…prepare his defense, even [if he has] a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him." *Gideon v. Wainwright*, 372 U.S. 335, 345 (1963). Ineffective assistance of counsel has therefore often been held a denial of constitutional rights. *See e.g. McMann v. Richardson*, 397 U.S. 759 (1970); *Dyer v. Crisp*, 613 F.2d 275 (10th Cir. 1980). Since he has allegedly been denied those fundamental rights guaranteed under the Constitution, the defendant's claim as to ineffective counsel is of significant magnitude and is thus properly raised in his motion under 28 U.S.C. § 2255. 28 U.S.C. § 2255; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.1996); *Segler*, 37 F.3d at 1133 (5th Cir. 1994); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

Claims of ineffective counsel are analyzed pursuant to the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 693 (1984) which states:

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance…, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.
>
> …[I]neffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice…..[thus] even if a defendant shows that particular errors of counsel were unreasonable…, the defendant must show that they actually had an adverse effect… *Strickland v. Washington*, 466 U.S. 668, 690-693 (1984).

Therefore, to succeed on his claim of ineffective counsel, the defendant must first overcome the strong presumption that his attorney acted reasonably and secondly must show actual prejudice as a result of said action. *Id.*

In his motion to vacate, set aside or correct sentence, the defendant alleges that his lawyer's failure to challenge his increased offense level and subsequent failure "to properly investigate the case," constitute ineffective representation. Doc. 40, att. 1, p. 9. In *Strickland*, the Court asserts that an attorney's actions, investigations, and decisions are given "a heavy measure of deference" and are highly dependent upon the information gathered from clients; accordingly, the reasonableness of those activities "may be determined or substantially influenced by the defendant's own statements or actions." 466 U.S. 668 at 691. Consequently, the defendant in this case has failed to show unreasonably deficient performance by his attorney. The record indicates that the defendant was convicted pursuant to a plea agreement [doc. 26] in which he acknowledged that he had "discussed the Sentencing Guidelines and their applicability with his counsel" and was aware at least of a possibility of an increased offense level pursuant to said Guidelines. Doc. 26, p. 2-3. Furthermore, the defendant has provided no evidence to prove the validity of his claim other than to state conclusively that "the record readily reveals that Counsel of Record [sic] did not review [the charge of armed robbery which led to his increased offense level]." Doc. 40, att. 1, p. 8.

Likewise, the defendant has also failed to prove that his case was prejudiced by the allegedly unreasonable actions of his attorney. In rendering its judgment, this court had access to "all evidence developed in the investigation of this case," and considered said evidence in imposing the defendant's sentence. Doc 26, p. 3-4. Thereafter, the Court of Appeals for the Fifth Circuit affirmed the conviction and sentence taking particular note of the "district court's lengthy

explanation for its sentence." Doc. 39, p. 3. The defendant sets forth merely a conclusory assertion that he has "suffered material prejudice" and proffers insufficient evidence to support his claim. Doc. 40, att. 1, p. 6. Moreover, as the government correctly points out, having failed to satisfy the threshold inquiry of the *Strickland* test, this court need not consider an inquiry into whether the defendant has shown actual prejudice. As noted in *Strickland*, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697. Given that the defendant has thus failed to establish that his attorney acted unreasonably with respect to representation, the claim as to ineffective assistance of counsel must be dismissed.

## CONCLUSION

For the reasons set forth above, defendant Thomas R. Segundo-Espinoza's Motion to Vacate, Set Aside, or Correct Sentence [doc. 40] will be **DENIED**.

Lake Charles, Louisiana, this 5 day of July, 2012.

Patricia Minaldi,
U.S. District Judge